UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 06 CR 684 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| KEVIN THOMAS, et al., ) | |
| ) | |

MEMORANDUM AND ORDER

This case involves thirty-two defendants charged with participating in a conspiracy to possess and possess with intent to deliver heroin, crack cocaine, and fentanyl. A number of defendants have filed motions for pretrial disclosures from the government. Specifically, Kevin Thomas and John Tiger have filed various motions for the disclosure of evidence [53-1], [56-1], [57-1], [58-1], [59-1], [60-1], [213-1], [215-1], [216-1], [217-1], and [218-1] . Those motions have been adopted by defendants Joseph Chess [62-1], Antwan Peterson [210-1], Davarius Seaton [220-1], Robin Johnson [222-1], Davone Shannon [224-1], Joseph Boone [231-1], and Tiger [237-1]. The court addresses each motion in turn.

ANALYSIS

**Tiger and Thomas' Motions for *Brady/Giglio* Materials [57-1] & [217-1]**

Tiger and Thomas have moved for disclosure of all favorable evidence including any exculpatory and impeaching information. In response, the government has acknowledged its continuing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), to disclose information that may be exculpatory or impeaching and has committed to produce that evidence. Based upon the government's commitment to fully discharge its obligations under *Brady*/*Giglio* and produce the documents to which the defendants

are entitled, Tiger and Thomas' motions are denied as moot. *See United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992) ("the government's promise to comply with the dictates of *Brady* renders [the defendant's] motion moot").

As far as the documents the defendants request beyond what is required under *Brady* and *Giglio*, such as requests for *all* favorable evidence, the request is overly broad. The government is under no obligation to produce such information. *See United States v. Balogun*, 971 F. Supp. 1215, 1236 (N.D. Ill. 1997) (a defendant "is not entitled to know all the evidence the government intends to produce") (internal quotation and citation omitted).

**Tiger and Thomas' Motions for Disclosure of Prior Bad Acts [60-1] & [215-1]**

The defendants seek notice of the government's intention to use evidence of other crimes, wrongs, or acts. Federal Rule of Evidence 404(b) prohibits the use of evidence of other crimes, wrong or acts to prove character, although it can be used for other relevant reasons such as proof of motive, opportunity, preparation, or identity. *See United States v. Smith*, 103 F.3d 600, 602 (7th Cir. 1996). However, before using 404(b) evidence, the government must first provide the defendant with reasonable advance notice. Fed. R. Evid. 404(b).

The government has acknowledged its responsibility under Fed. R. Evid. 404(b) and it appears the parties differ only on the date by which the government should make its disclosure—the government commits to disclosing the information two weeks before trial, while Thomas wants it four weeks before trial (Tiger requests only adequate notice). The rule requires reasonable notice, and the court believes that given the scope and size of the charged conspiracy and the difficulties counsel may face preparing for trial, notice four weeks before trial would be

are entitled, Tiger and Thomas' motions are denied as moot. *See United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992) ("the government's promise to comply with the dictates of *Brady* renders [the defendant's] motion moot").

As far as the documents the defendants request beyond what is required under *Brady* and *Giglio*, such as requests for *all* favorable evidence, the request is overly broad. The government is under no obligation to produce such information. *See United States v. Balogun*, 971 F. Supp. 1215, 1236 (N.D. Ill. 1997) (a defendant "is not entitled to know all the evidence the government intends to produce") (internal quotation and citation omitted).

**Tiger and Thomas' Motions for Disclosure of Prior Bad Acts [60-1] & [215-1]**

The defendants seek notice of the government's intention to use evidence of other crimes, wrongs, or acts. Federal Rule of Evidence 404(b) prohibits the use of evidence of other crimes, wrong or acts to prove character, although it can be used for other relevant reasons such as proof of motive, opportunity, preparation, or identity. *See United States v. Smith*, 103 F.3d 600, 602 (7th Cir. 1996). However, before using 404(b) evidence, the government must first provide the defendant with reasonable advance notice. Fed. R. Evid. 404(b).

The government has acknowledged its responsibility under Fed. R. Evid. 404(b) and it appears the parties differ only on the date by which the government should make its disclosure—the government commits to disclosing the information two weeks before trial, while Thomas wants it four weeks before trial (Tiger requests only adequate notice). The rule requires reasonable notice, and the court believes that given the scope and size of the charged conspiracy and the difficulties counsel may face preparing for trial, notice four weeks before trial would be

reasonable. Accordingly, the motions are denied as unnecessary except that the government shall produce the requested information four weeks before trial, as opposed to two weeks before trial.

**Thomas' Motion for Discovery Under Fed. Rule of Crim. P. 16 [216-1]**
**Thomas' Motion for Discovery of Surveillance Recordings [213-1]**

Thomas has moved for discovery under Federal Rule of Criminal Procedure 16. He requests disclosure of statements made by him, his prior criminal record, documents the government intends to use at trial or in the preparation of witnesses, reports of any examinations or tests, and the disclosure of any expert witnesses. In addition, he requests the production of any and all information concerning any electronic surveillance conducted in the government's investigation of this offense. In response, the government contends that it has already produced to the defendants "thousands and thousand of pages of documents," as well as "all the intercepted calls" and "dozens of audio and video recordings."

In light of the government's acknowledgment of its obligations to disclose information as required under Rule 16, and its representation that it has already produced the requested information, Thomas' motions are denied as moot. *See United States v. Helson*, No. 06 CR 424, 2006 WL 3798750, at *1 (N.D. Ill. Nov. 21, 2006) (denying as moot defendant's request for production under Rule 16 in light of government's representation that it had already produced the requested information); *United States v. Messino*, 855 F. Supp. 955, 967 (N.D. Ill. 1994) (same). If Thomas believes that a specific document has been improperly withheld, he may renew his motion specifying same.

**Tiger's Motion to Preserve and Produce Agents' Notes [59-1]**

Tiger has requested the preservation and production of notes prepared by law enforcement officers during the course of their investigations. The government did not respond to Tiger's motion and therefore the court will rule without benefit of its views.

Tiger is entitled to preservation of the notes, and therefore that part of his motion is granted. *See United States v. Coe*, 220 F.3d 573, 583 (7th Cir. 2000) (defendant is entitled to preservation of agents' notes under Federal Rule of Criminal Procedure 16(a)(1)(A)); *United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997) (defendant is entitled to preservation of agents' notes under the Jencks Act).

Tiger also seeks an order requiring the government to produce copies of those notes in the event his case proceeds to trial. However, normally a defendant is not entitled to copies of the original notes because normally the agents incorporate their notes into an official summary, which is all a defendant is entitled to. *See Coe*, 220 F.3d at 583 ("the government satisfies the requirements of Rule 16 if it turns over a written report that contains all of the information found in the agent's original notes but does not deliver the notes themselves to the defendant."); *Muhammad*, 120 F.3d at 699 ("A defendant is not entitled to an agent's notes if the agent's report contains all that was in the original notes."). Tiger does not claim that the government has refused to produce an official summary (and the government has offered no insight because it has not responded to the motion). Therefore, Tiger has not established that he is entitled to the original notes and his motion is denied. In the event the government does refuse to produce an official summary, Tiger may filed a renewed motion detailing the government's failure to produce the requested document.

**Thomas' Motion for Disclosure of Jenck's Act Materials [218-1]**

Thomas has requested the production of witness statements in the government's possession under the Jencks Act. *See* 18 U.S.C. § 3500. However, under the Jencks Act the government is not required to produce such information before trial. *See United States v. Balogun*, 971 F. Supp. 1215, 1233 (N.D. Ill. 1997) (district court lacks authority to order pretrial disclosure of Jencks Act material). Nevertheless the government has agreed to produce such materials two weeks before trial. Given that Thomas is not entitled to the witness statements before trial, and the government's commitment to producing the requeted materials two weeks before trial anyway, Thomas' motion is denied as moot.

**Tiger's Motion for Early Return of Subpoenas [56-1]**

Tiger's motion for the early return of trial subpoenas is granted.

**Tiger's Motion for Leave to File Additional Pre-Trial Motions [58-1]**

Leave to file additional pre-trial motions is denied. Should Tiger wish to file additional pre-trial motions, he should file a motion for leave explaining why he could not have timely filed the proposed additional pre-trial motions.

**Motions to Adopt [62-1], [210-1], [220-1], [222-1], [224-1], [231-1], and [237-1]**

The court grants the motions to adopt and rules on them consistently with its rulings on the underlying motions.

**CONCLUSION**

Accordingly, the court denies as moot motions [57-1], [213-1], [216-1], [217-1], [218-1]. The court denies as unnecessary motions [60-1] and [215-1] except that the government's disclosures are due four weeks before trial. The court denies motions [58-1] and [59-1]. The

court grants motion [56-1]. The court grants the motions to adopt—[62-1], [210-1], [220-1], [222-1], [224-1], [231-1], and [237-1]—and rules on them consistently with its rulings on the underlying motions. Thomas' motion [53-1] is stricken as duplicative of his other motions.

ENTER:

DATE:  July 12, 2007  _____
Blanche M. Manning
United States District Judge